UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TARA ELIZABETH CORWELL,
    Plaintiff,

v.

HARTFORD PUBLIC SCHOOLS,
    Defendant.

NO. 3:08cv850 (SRU)

## RULING AND ORDER ON MOTION TO APPOINT COUNSEL

Tara Elizabeth Corwell filed an amended complaint (hereinafter "Complaint") (doc. # 32) on April 3, 2009, alleging employment discrimination and violations of her civil rights by the Hartford Public Schools ("Hartford"). Corwell seeks the appointment of pro bono counsel (**docs. ## 24, 36**) in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991). The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, *see, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997), and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 173-74 (2d Cir. 1989). The court first should determine whether plaintiff's position is likely to be of substance.

If that test is met, the court should proceed to consider the remaining criteria, such as plaintiff's ability to prosecute her case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted

cross-examination to test veracity.  *See id*. at 172.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  *Id.*; *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

First, in my oral ruling at the hearing (doc. # 19) on Hartford's first motion to dismiss (doc. # 7), held November 24, 2008, I explained that the No Child Left Behind Act ("NCBLA"), 20 U.S.C. § 6301 *et seq.*, does not provide a private right of action and cannot form the basis for an individual's complaint.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (stating that the initial inquiry in analyzing whether plaintiffs can sue in the § 1983 context under a federal statute is "whether or not Congress intended to confer individual rights upon a class of beneficiaries"); *see also ACORN v. New York City Dept. of Educ.*, 269 F. Supp. 2d 338, 347 (S.D.N.Y. 2003) (holding that the "NCLBA does not reflect the clear and unambiguous intent of Congress to create individually enforceable rights" and dismissing a claim brought by parents of schoolchilden for alleged violations of the statute).  I note that Corwell's amended complaint does not assert a claim for alleged violations of the NCBLA, although the statute is referenced in the affidavit attached to her complaint. (Complaint 8.)  A claim based on the NCBLA would lack merit and would not be a basis for appointing counsel for Corwell.

Neither of Corwell's remaining claims is likely to have substance.  First, her employment discrimination claim under Title VII is that the defendant denied her a preferred teaching position and promotions and gave her unfavorable assignments, and that its actions were motivated by her race, color, and national origin.  Likewise, she claims a violation of Title VI because she alleges the defendants discriminated against her on the basis of race, color, and national origin.

Although Corwell alleges these impermissible factors motivated the defendant, she has not clearly alleged an adverse employment action to satisfy Title VII or any discriminatory practices to satisfy Title VI or Title VII.  Discovery may show that the changes in her employment position were adverse, or that actions the defendant took were discriminatory practices, but at this stage Corwell's claims do not appear to have likely merit.

Second, her civil rights claim is, at present, facially deficient.  Corwell's amended complaint alleges that the defendant was not acting under color of state law.  (Complaint 16.)  As such, Corwell's complaint fails, as a matter of law, to state a claim under 42 U.S.C. § 1983.  Assuming that Corwell will amend her complaint to correct that deficiency and raise a claim under 42 U.S.C. § 1983, Corwell's claims do not pass the test of likely merit because she has not clearly alleged the elements of any violation of federal law, such as Equal Protection or Due Process.  Rather, Corwell alleges that:  (a) she was given a teaching position for seventh grade science, which she was not qualified to teach, although the school also had as employees white teachers who were qualified; and (b) she was denied certain training opportunities to become qualified in that area.  Although these allegations show Corwell's unhappiness with her employment situation and hint at deprivation, the allegations do not amount to a clearly cognizable claim of a violation of federal law.

Finally, even if these claims did have likely merit, her case is not one of such complexity that an attorney is required.  A claim for employment discrimination turns largely on the factual record and circumstantial evidence.  It is not necessary to have expert opinion or complex reports to show that the defendant's actions violated Corwell's federal rights.

Corwell's amended complaint appears to allege additional causes of action, including

claims for retaliatory discrimination, discrimination on the basis of disability, defamation, breach of contract, or promissory estoppel.  (Complaint 3.)  There are scant factual allegations to support any of these claims, however, and thus I have an insufficient basis to determine if the claims pass the test of likely merit.  To the extent Corwell seeks an attorney to issue subpoenas (Complaint 4), I note that she has the capacity to ask the Court to issue those documents on her behalf.

The Motions for Appointment of Counsel (**docs. ## 24, 36**) are **DENIED** without prejudice to renewal at a subsequent stage of litigation.  Defendant's related motion to strike (**doc. # 38**) is **DENIED** as moot.  Corwell's motion for an extension of time (**doc. # 50**) is **DENIED** as moot.

It is so ordered.

Dated at Bridgeport, Connecticut, this 17th day of September 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge